REDMANN, Chief Judge.
Louisiana state and city civil service employees enjoy the same freedom that the federal and state constitutions guarantee to all other citizens, except insofar as the state constitution (consistent with the federal constitution) limits their freedom on account of their public employment.
The Louisiana Constitution of 1974, art. 10 § 9, provides:
*387 “No ... employee in the classified service shall participate or engage in ... an effort to support or oppose the election of a candidate for political office or to support a particular party in an election.”
We hold that that constitutional language does not deprive classified city employees of the freedom to join in the public debate over a proposed amendment to the city charter — a change in the city’s form of government. Nor is that constitutional language amended, or its import altered, because the charter change is one that an incumbent mayor espouses to enable him (and future mayors) to run for a third term. We therefore affirm the trial court’s injunction prohibiting interference with city classified employees’ right to participate in an October 19 referendum to amend the charter’s two-term limit on mayors.
On the petition of the civil service commission of the city of New Orleans we grant certiorari (with argument limited to the petition and response) to review an injunction against the commission’s enforcement of a memorandum it directed to all city government agencies. The memorandum advises “that participation by classified employees in the current attempt to amend the City Charter to allow for three mayoral terms will be considered [constitutionally-prohibited] political activity and that the Commission will enforce its rules and the provisions of the Louisiana constitution accordingly.”
The injunction was sought by an individual classified employee and by a firefighters union representing classified employees. The individual asserts his desire to enter the public debate over the three-term amendment, and the union asserts its desire to determine and publicize its majority’s position and to advise all its members of their right to engage in the public debate.
Preliminarily, we affirm the trial judge’s overruling of the commission’s exception of no right of action — an exception reurged in their petition for writs. We rule that the individual indisputably has a right of action, an “interest ... to institute the suit,” La.C.C.P. 927(5), and we therefore need not decide whether the union alone could institute the suit in its representative capacity.
The substantive question is whether supporting or opposing an amendment to the city charter’s two-term limit upon mayors, to be voted on at an October 19 referendum, constitutes “political activity” prohibited by La. Const. art. 10 § 9 (reproduced in full in footnote 1 below).[1]
We have already quoted the controlling words. There is little more to say. We decline to impinge on a citizen’s freedom of speech by implication or analogy, especially as to speech about so fundamental a matter as whether the form of our government should be changed. The Louisiana constitution prohibits nothing more than “an effort to support or oppose the election of a candidate for political office or to support a *388 particular party in an election.” That prohibition is not a general one against all activity relative to other matters upon which citizens vote. It does not prohibit engaging in the public debate over issues that are to be voted upon, and it is followed, in art. 10 § 9(C), by the express .declaration that “support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited.”
We do respond, nevertheless, to the commission’s citation of an unpublished United States District Court decision, Barre v. Civil Service Commission, No. 83-2445 (E.D.La.1983), aff'd 733 F.2d 904 (5 Cir.1984), cert. denied — U.S. -, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985). There, the court refused an injunction where, as the trial judge’s reasons recited, plaintiffs
“alleged that the Commission violated their First Amendment rights by prohibiting them, as members of the New Orleans classified Civil Service, from operating City vehicles on which certain bumper stickers [supporting the incumbent mayor] were placed and soliciting signatures on a petition to amend the New Orleans City Charter.”
If those were our facts, we would reach the same result. But those are not our facts.
We do not hold that a classified employee can support or oppose the candidacy or would-be candidacy of any person under the guise or pretext of supporting or opposing the referendum question of whether the charter should be changed.
We hold only that the Louisiana Constitution of 1974, art. 10 § 9, by prohibiting classified employees from supporting or opposing “election of a candidate for political office or ... a particular party in an election,” does not prohibit classified employees from supporting or opposing an amendment of the two-term limit on mayors in the New Orleans city charter.
Affirmed.

. La. Const. art. 10 § 9:
"Prohibitions Against Political Activities
(A) Party Membership; Elections. No member of a civil service commission and no officer or employee in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as the classified state employee serving on the State Civil Service Commission; or be a member of any national, state, or local committee of a political party, faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.
"(B) Contributions. No person shall solicit contributions for political purposes from any classified employee or official or use or attempt to use his position in the state or city service to punish or coerce the political action of a classified employee."
"(C) Political Activity Defined. As used in this Part, ‘political activity’ means an effort to support or oppose the election of a candidate for political office or to support a particular party in an election. The support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited."